UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,                                    Case No. 14-13299

      Plaintiff,                                         Honorable John Corbett O'Meara

v.

LOUIS N. RADDEN, D.O., and SPINE
SPECIALISTS OF MICHIGAN, P.C.,

      Defendants.
_____/

**OPINION AND ORDER DENYING
DEFENDANTS' SEPTEMBER 30, 2014 MOTION TO DISMISS AND
GRANTING PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL RESPONSE**

This matter came before the court on defendants Louis D. Radden, D.O., and Spine Specialists of Michigan's September 30, 2014 motion to dismiss. Plaintiff State Farm Mutual Automobile Insurance Company filed a response November 7, 2013; and Defendants filed a reply brief November 14, 2014. On December 19, 2014, State Farm filed a motion for leave to supplement its response brief with a December 2014 opinion from this court. Oral argument was heard January 8, 2015. For the reasons that follow, the court will deny the motion to dismiss and grant the motion for leave to supplement the response brief.

**BACKGROUND FACTS**

Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") has recently filed a number of similar RICO actions against medical practitioners and clinics, claiming that they are submitting fraudulent claims to the insurer under Michigan's No-Fault Automobile Act. In this case State Farm has alleged the following claims against defendants Radden and Spine Specialists of

Michigan ("SSOM"): Count I, common law fraud against both defendants; Count II, violations of the federal RICO statute against only Dr. Radden; Count III, unjust enrichment against both defendants; and Count IV, declaratory judgment against only defendant SSOM.

In their motion to dismiss, Defendants make the following arguments: 1) the complaint fails to plead with sufficient particularity to satisfy Rule 9(b); 2) the RICO claim fails to plead mail fraud with particularity or a pattern of racketeering, and State Farm waived its right to contest claims; 3) the unjust enrichment claim fails because it arises from an express contract and does not specify which defendant received the benefit; 4) the RICO, fraud and unjust enrichment claims are time-barred; and 5) the court should abstain from exercising jurisdiction over the declaratory judgment action.

## LAW AND ANALYSIS

In a motion to dismiss, the court must "construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true." State Farm Mut. Auto. Ins. Co. v. Universal Health Group, Inc., 2014 WL 5427170 at *1 n.2 (E.D. Mich. Oct. 24, 2014). In this case the court finds that State Farm has met its burden for Rule 9(b) pleading requirements for the fraud claim. The complaint alleges Defendants submitted bills and supporting documents that falsely represented the following: 1) Dr. Radden performed and documented legitimate exams in the Exam Reports; 2) Dr. Radden performed injections based upon legitimate exams and because they were medically necessary; 3) Dr. Radden's use of epidurography with the ESI's was medically necessary; 4) the charges under billing code A9570 were appropriate; 5) separate charges for epidurograms and fluoroscopy were appropriate; and 6) when Dr. Radden performed only FIs, it was appropriate to bill separately for fluoroscopic guidance. Charts attached to the complaint as Exhibits 1A, 1B, 2 and

3 identify the specific misrepresentations regarding exams, injections and related services purportedly rendered to each patient, as well as the date State Farm received the bills and supporting documents through the mail, the services billed, the dates of those services, and the claim numbers. Courts in this district have repeatedly held that complaints with these details satisfy Rule 9(b). See State Farm Mut. Auto Ins. Co. v. Pointe Physical Therapy, L.L.C., No. 14-11700 (E.D. Mich. Dec. 18, 2014); State Farm Mut. Auto. Ins. Co. v. Universal Health Group, Inc., 2014 WL 5427170 (E.D. Mich. Oct. 24, 2014); and State Farm Mut. Auto Ins. Co. v. Physiomatrix, Inc., No. 12-11500, 2014 WL 555199 (E.D. Mich. Feb. 12, 2014). The complaint further alleges that Dr. Radden directed and knowingly caused SSOM to submit the bills and documents that contain fraudulent misrepresentations. Under common law fraud and RICO, defendants who collude with others to cause fraudulent statements to be made are liable. Therefore, State Farm's allegations satisfy Rule 9(b).

The court also finds that for the time being State Farm sufficiently states a substantive racketeering claim under RICO. Although Defendants argue that the complaint fails to plead mail fraud with specificity and thus fails to plead a pattern of racketeering activity, the complaint describes a scheme involving nearly 700 acts of mail fraud involving a like number of fraudulent claims that occurred over a three-year period. Defendants contend that State Farm waived its right to contest the claims for benefits because it could have objected to payment within 30 days of each claim being presented. However, State Farm points out that such an "interpretation of the law would only punish those who were incompetent fraudsters, letting their more intelligent or devious colleagues off the hook." Universal Health Group, supra, at *11.

State Farm has also stated a claim for unjust enrichment. Defendants argue that the express insurance contracts between State Farm and the insureds purportedly bar the claim. However, unjust enrichment claims are not barred where there is no express contract between the same parties that "cover[s] the same subject matter." Id. (rejecting the same argument advanced by Defendants here).

In addition, plaintiff State Farm's causes of action for RICO, fraud and unjust enrichment are not time-barred for any claims that were submitted before the applicable limitations period. Defendants' argument that Plaintiff *should have known* about the fraud cannot be proven at this stage of the litigation. Moreover, the complaint does not seek damages for claims before 2011.

Finally, this court has previously found that the court will not decline to exercise jurisdiction over the declaratory judgment claim based on Wilton v. Seven Falls Co., 515 U.S. 277 (1995). In these cases the courts have determined that because "the declaratory judgment action is inextricably dependant on and connect[ed] to the underlying substantive counts . . . the [c]ourt does not believe it is a wise use of its discretion to decline to entertain a declaratory judgment action tied to a viable federal cause of action." See Physiomatrix, supra; Universal Health supra; and Pointe Physical Therapy, supra.

## ORDER

It is hereby **ORDERED** that Defendants' September 30, 2014 motion to dismiss is **DENIED.**

It is further **ORDERED** that Plaintiff's December 19, 2014 motion for leave to file supplemental authority is **GRANTED.**

                                         s/John Corbett O'Meara
                                         United States District Judge

Date:  February 13, 2015

  I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, February 13, 2015, using the ECF system.

                   s/William Barkholz
                   Case Manager