UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,                                        Case No. 14-13299

      Plaintiff/Counter-Defendant,                        Honorable John Corbett O'Meara

v.

LOUIS N. RADDEN, D.O., and SPINE
SPECIALISTS OF MICHIGAN, P.C.,

      Defendants/Counter-Plaintiffs.

_____/

## OPINION GRANTING
## STATE FARM'S MOTION TO DISMISS COUNTERCLAIM

This matter came before the court on State Farm Mutual Automobile Insurance Company's Motion to Dismiss the Counterclaim Complaint. Spine Specialists of Michigan filed a response, and State Farm filed a reply brief. No oral argument was heard.

## BACKGROUND FACTS

Plaintiff/Counter-Defendant State Farm Mutual Automobile Insurance Company ("State Farm") has recently filed a number of similar RICO actions against medical practitioners and clinics, claiming that they are submitting fraudulent claims to the insurer under Michigan's No-Fault Automobile Act. In this case State Farm had alleged the following claims against defendants Louis N. Radden, D.O., and Spine Specialists of Michigan ("SSOM"): Count I, common law fraud against both defendants; Count II, violations of the federal RICO statute against only Dr. Radden; Count III, unjust enrichment against both defendants; and Count IV, declaratory judgment against only defendant SSOM. The court has previously denied Defendants' motion to dismiss.

SSOM and Radden have filed a counterclaim, alleging that State Farm has systematically engaged in a scheme to fraudulently deny, delay, and diminish payment on their claims, as well as the claims of other similarly situated, but not identified, licensed healthcare professionals. The counterclaim alleges common law fraud/fraudulent misrepresentation in Count I, civil conspiracy in Count II, and violations of the Michigan Unfair Trade Practices Act ("MUTPA") in Count III. State Farm has filed this motion to dismiss the counterclaim.

## LAW AND ANALYSIS

In a motion to dismiss, the court must "construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true." State Farm Mut. Auto. Ins. Co. v. Universal Health Group, Inc., 2014 WL 5427170 at *1 n.2 (E.D. Mich. Oct. 24, 2014). Under Michigan law, to plead fraudulent misrepresentation requires proof of the following: 1) the defendant made a material misrepresentation; 2) that was false; 3) that when the defendant made it, he knew it was false or made it recklessly without any knowledge of its truth, and it was made as a positive assertion; 4) that he made it with the intention that it should be acted upon by the plaintiff; 5) that the plaintiff acted in reliance on it; and 6) that he thereby suffered injury. Scott v. Bank of America, 2013 WL 5352959, *4 (E.D. Mich. Sept. 24, 2013).

In addition, claims for fraud must satisfy the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. The plaintiff must allege "the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." United States ex rel. Bledsoe v. Community Health Sys., Inc., 342 F.3d 634, 643 (6th Cir. 2003).

In this case the countercomplaint alleges that State Farm engaged in a fraudulent scheme with doctors who perform independent medical exams and other (unidentified) co-conspirators to deny, delay and diminish payment on claims. As a result, SSOM allegedly has had to initiate litigation in order to obtain payment for its claims. The counterclaim alleges four claims since 2012 for which SSOM and Radden have been denied payment, have been paid less than the full amount, and twice have been sent letters indicating that claims were still under investigation by State Farm.

The counterclaim, however, fails to state a claim for fraud. First, the fraud claim fails as a matter of Michigan law because the counterclaim does not allege a breach of duty that is separate and distinct from State Farm's contractual obligations. "[M]ere allegations of failure to discharge obligations under an insurance contract could not be actionable." Leonor v. Provident Life and Accident Co., 2013 WL 1163375, *3 (E.D. Mich. Mar. 20, 2013) (quoting Cooper v. Auto Club Ins. Ass'n, 481 Mich. 399, 410 (2008). The Michigan Supreme Court has explained, "unlike a no-fault claim, a fraud claim does not arise from an insurer's mere omission to perform a contractual or statutory obligation, such as its failure to pay all the [No-Fault] benefits to which its insureds are entitled. Rather, it arises from an insurer's breach of its separate and independent duty not to deceive the insureds . . . ." Cooper, 481 Mich. at 409.

Regardless of the manner in which SSOM and Radden attempt to cloak their claims, the gravamen of their counterclaim is that State Farm breached its insurance contracts by not paying the No-Fault benefits they believe they were owed for services purportedly provided to State Farm's insureds. Where the "main thrust of plaintiff's fraud claim" is that "State Farm did not pay enough under the contract," the claim is not fraud, but a breach of contract." Van Emon v. State Farm Mut. Auto. Ins. Co., 2008 WL 3539480, at *4 (E.D. Mich. Aug. 11, 2008).

In addition, Count I will be dismissed under Rule 9(b), which requires a party alleging fraud to specify the time, place and content of "each representation to state a claim for fraud." Lewis v. Nationstar Mortg., 5 F. Supp. 3d 890, 895-96 (E.D. Mich. Mar. 18, 2014). The counterclaim fails to plead facts supporting the allegation that the procedures "were tailored solely and specifically to justify denial of [a] claim." Countercl. at ¶¶ 36(a)-(d). Although it identifies four claims at issue, the counterclaim fails to plead facts to support the conclusion that the "claims-processing scheme" was actually applied to any of those claims. It further fails to allege any facts supporting its conclusion that State Farm made an actual misrepresentation to SSOM regarding any specific claim. The allegations in the counterclaim fail to meet the heightened pleading requirement for fraud because they do not identify a specific claim that State Farm fraudulently denied, delayed or diminished that involved a named accomplice, co-conspirator, doctor or vendor.

In the response brief SSOM argues that the counterclaim alleges a statutory breach under Michigan's No-Fault Act, not breach of contract regarding the four claims at issue. Therefore, it argues, it has stated a claim for fraud. However, as clearly stated by the Cooper court and quoted above, "a fraud claim does not arise from an insurer's mere omission to perform a contractual **or statutory obligation**, such as its failure to pay all the [No-Fault] benefits to which its insureds are entitled." Cooper, supra, at 409. Therefore, Count I of the counterclaim fails to state a claim for fraud or fraudulent misrepresentation.

Count II of the counterclaim alleges civil conspiracy. "A plaintiff asserting civil conspiracy must demonstrate some underlying tortious conduct, as civil conspiracy is not an independently actionable tort." Knight Indus. &Assocs., Inc. v. Euro Herramientas, S.A.U., 2013 WL 3773373,

4

*4-5 (E.D. Mich. July 17, 2013). Because there is no underlying tort upon which the civil conspiracy claim could be predicated, State Farm is entitled to dismissal of Count II.

Count III of the counterclaim asks the court to, among other things, "either order Kevin Clinton, Michigan Commissioner of Insurance, to suspend, revoke, or limit the authority of State Farm, or, in the alternative, to order both Ruth Johnson, Michigan Secretary of State, and Kevin Clinton, Michigan Commissioner of Insurance, to order the State Farm Defendants to cease and desist" their alleged illegal activities. Countercl. at ¶ 130. SSOM and Radden, however, do not have standing to bring their MUTPA claim against non-parties. State Farm Mut. Auto. Ins. Co. v. Physiomatrix, Inc., 2013 WL 509284, *9 (E.D. Mich. Jan. 12, 2013). Although SSOM argues that it requests declaratory and injunctive relief to protect it in the future, the MUTPA does not allow litigants to recover "outside of the interest of penalty." Geer v. Amex Assurance Co., 2010 WL 2681160, *3 (E.D. Mich. July 6, 2010). Furthermore, to the extent the counterclaim seeks a limited request to "recover penalty interest," it has failed to plead specific facts to support its allegations that State Farm made an untimely payment of benefits on any particular claim.

## ORDER

It is hereby **ORDERED** that State Farm's motion to dismiss the counterclaim is **GRANTED.**

                                      s/John Corbett O'Meara
                                      United States District Judge

Date: February 22, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, February 22, 2016, using the ECF system.

                                      s/William Barkholz
                                      Case Manager