UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,                         Case No. 14-13299

    Plaintiff/Counter-Defendant,           Honorable John Corbett O'Meara

v.

LOUIS N. RADDEN, D.O., and SPINE
SPECIALISTS OF MICHIGAN, P.C.,

    Defendants/Counter-Plaintiffs.
_____/

**ORDER DENYING
DEFENDANT'S MOTION FOR RECONSIDERATION AND FOR LEAVE TO AMEND**

    This matter came before the court on Spine Specialists of Michigan's March 7, 2016 Motion for Reconsideration of the Court's February 22, 2016 Order Granting State Farm's Motion to Dismiss the Counterclaim and for Leave to Amend.  State Farm filed a response March 22, 2016.  No reply was filed, and no oral argument was heard.

**LAW AND ANALYSIS**

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(3).

    "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not."

Smith ex rel. Smith v. Mount Pleasant Pub. Sch., 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003). In its motion for reconsideration, defendant Spine Specialists of Michigan presents the same issues ruled upon by the court, either expressly or by reasonable implication. Accordingly, the court must deny its motion for reconsideration.

A district court properly denies leave to amend a complaint if the proposed amendment would be futile. See Brown v. Owens Corning Inv. Review Comm., 622 F.3d 564, 574 (6th Cir. 2010).

Defendant Spine Specialists seeks leave to amend the counterclaim, asserting that because it now has access to State Farm's files, it can determine the identity of the "IME physician and/or company that conducted the fraudulent IME's for specific patients." Def.'s mot. br. at 17-18. However, the identities of physicians who provided independent medical exams ("IME's") do not cure Defendant's remaining Rule 9(b) pleading deficiencies as previously determined by the court. Defendant provides no additional facts it proposes would cure those deficiencies or any facts that would demonstrate that State Farm owed a duty separate and distinct from its contractual and statutory obligations. Therefore, amending the counterclaim would be futile.

## ORDER

It is hereby **ORDERED** that Defendant's motion for reconsideration and for leave to amend is **DENIED.**

                                                         s/John Corbett O'Meara  
                                                         United States District Judge  
Date:  February 16, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, February 16, 2017, using the ECF system.

                                                         s/William Barkholz  
                                                         Case Manager