UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff,

v.

LOUIS N. RADDEN, D.O., and SPINE
SPECIALISTS OF MICHIGAN, P.C.,

    Defendants.
                                         /

Case No. 14-13299

Honorable John Corbett O'Meara

**OPINION AND ORDER DENYING DEFENDANTS'
FEBRUARY 15, 2017 MOTION FOR SUMMARY JUDGMENT**

This matter came before the court on defendants Spine Specialists of Michigan ("SSOM") and Dr. Louis D. Radden's February 15, 2017 motion for summary judgment. Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") filed a response March 24, 2017; and Defendants filed a reply brief March 31, 2017. Oral argument was heard April 6, 2017. For the reasons that follow, the court will deny the motion for summary judgment.

**BACKGROUND FACTS**

The complaint alleges that from January 2011 to the date of its filing on August 25, 2014, Dr. Louis Radden and his company SSOM engaged in a scheme to defraud

State Farm in order to obtain No-Fault benefits to which Defendants knew they were not entitled by submitting bills for allegedly fraudulent examinations and medically unnecessary spinal injection. The complaint alleges claims for RICO violations, common law fraud, and unjust enrichment, as well as a claim for declaratory judgment that SSOM is not entitled to payment for unpaid fraudulent charges.

In their motion for summary judgment Defendants make the following arguments: 1) State Farm lacks any evidence that Defendants engaged in fraud or any racketeering activity; 2) Defendants' treatment of patients was not the proximate cause of State Farm's alleged injury; 3) the state court actions involving State Farm and its insureds are *res judicata* with respect to State Farm's allegations of fraud; 4) State Farm has failed to identify an "enterprise" distinct from the alleged "racketeering activity"; 5) State Farm has no witness to testify regarding the allegations in the complaint; and 6) State Farm's named expert is not capable of testifying about fraud, causation or damages, as his testimony is inadmissible under Rule 701 and 702 of the Rules of Evidence. Defendants also seek sanctions against State Farm for not dismissing this lawsuit.

## LAW AND ANALYSIS

To succeed on a common law fraud claim, a plaintiff must prove the following elements: "(1) the defendant made a material representation; (2) the representation

2

was false; (3) when the defendant made the representation, the defendant knew it was false, or made it recklessly, without knowledge of its truth as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damages." M & D, Inc. v. W.B. McConkey, 231 Mich. App. 22, 27 (1998).

Defendants argue that State Farm is unable to show "how or which services" were fraudulent. However, State Farm's evidence consists of the testimony of Dr. Smuck; summary charts reflecting patterns in defendant Radden's reports, practices and billing; fluoroscopy films from the injections; MRI films and interpretive reports; nurse and anesthesiology notes from the injections; and billing patterns. Therefore, State Farm has presented sufficient evidence to create genuine issues of material fact regarding Defendants' alleged scheme to defraud under common law fraud.

To prove a RICO claim under 18 U.S.C. § 1962(c), a plaintiff must establish the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." In re ClassicStar Mare Lease Litig., 727 F.3d 473, 483 (6th Cir. 2013).

State Farm alleges that Dr. Radden's pattern of racketeering activity consisted of repeated violations of the federal mail fraud statute, 18 U.S.C. § 1341, based upon the use of the U.S. mails to submit fraudulent bills and records for examinations and

injections which were either not performed, not performed properly, or were not medically necessary. State Farm relies on the same evidence as those in its common law fraud claim to rebut Defendants' motion for summary judgment.

Defendants argue that a RICO violation requires that a plaintiff prove the existence of a person and an enterprise that is not simply the same person referred to by a different name, citing Cederic Kushner Promotions, Ltd. v. King, 533 U.S. 158, 161 (2001). Since Dr. Radden is the sole shareholder of co-defendant SSOM, Defendants assert that State Farm cannot prove a RICO violation. However, in King the United States Supreme Court held that "[t]he corporate owner/employee, a natural person, is distinct from the corporation itself, a legally different entity with different rights and responsibilities due to its different legal status. And we can find nothing in the [RICO] statute that requires more 'separateness' than that." Id. at 163. Therefore, Defendants are not entitled to summary judgment on State Farm's RICO claim.

Defendants also argue that certain, unidentified claims of the 267 at issue in the complaint have been adjudicated in state court and that the judgments in those cases are *res judicata* in the present action. However, Defendants have failed to identify even one case they contend has *res judicata* effect here.

As for the admissibility of Dr. Smuck's testimony, Rule 703 provides that an expert may base an opinion on facts or data that "the expert has been made aware of or personally observed" and the facts and data "need not be admissible for the opinion to be admitted" if an "expert in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject." In addition, Rule 1006 provides for the use of summaries to prove content. Moreover, at the summary judgment stage, it is of no import whether the evidence is ultimately deemed admissible at trial.

For all these reasons, genuine issues of material fact remain to preclude Defendants' motion for summary judgment.

## **ORDER**

It is hereby **ORDERED** that Defendants' February 15, 2017 motion for summary judgment is **DENIED**.

s/John Corbett O'Meara<br>United States District Judge

Date: April 10, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, April 10, 2017, using the ECF system.

s/William Barkholz<br>Case Manager